ANTONIO DAQUILA, Appellant, v. BERNARD DEQUILA, Respondent.— Plaintiff, a passenger in an automobile owned and operated by the defendant, was injured when the vehicle was suddenly turned to its right. and collided with a telegraph pole on its side of the roadway. At the close of the case the court dismissed the complaint. Judgment reversed on the law and the facts and new trial granted, with costs to appellant to abide the event. In our opinion the evidence presented a question of fact as to defendant's negligence. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

LIBBY GARRET, nee LIBBY BERNSTEIN, Respondent, v. JACK BERNSTEIN, Sued Herein as JACOB BERNSTEIN, ESTHER BERNSTEIN and BELLE BERNSTEIN, Appellants, and Others, Defendants.— Order denying appellants' motion under rule 107, Rules of Civil Practice, to dismiss the complaint on the ground (1) that the action is barred by the Statute of Limitations, and (2) that the contract sued upon is not enforcible under the Statute of Frauds, affirmed, with ten dollars costs and disbursements, with leave to appellants to serve an answer within ten days from the entry of the order hereon. The action may be maintained to compel the delivery of one-third of the shares of stock of Roseburns Homes Co., Inc., and to account for the value and profits thereof. The action is not maintainable to compel the conveyance of interests in the so-called Queens and 2724 Pitkin Avenue properties to the plaintiff, because it appears on the face of the complaint that such properties had been conveyed before the agreement of September 30, 1930, was entered into, and that, in any event, the agreement which, concededly, was oral is unenforcible. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

LOUIS HAMENT, Respondent, v. BROOKLYN BUS CORPORATION, Appellant.— Plaintiff, a passenger on a bus of the defendant, sued to recover damages for personal injuries sustained when he was thrown to the floor by the sudden stoppage of the bus. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

In the Matter of the Petition to Confirm the Election of WILL N. CLURMAN as Director of THE NATIONAL BANK OF FAR ROCKAWAY. JOHN J. CULLEN, Appellant; THE NATIONAL BANK OF FAR ROCKAWAY and Others, Respondents.— Application under section 25 of the General Corporation Law for an order confirming the election and qualification of a director of respondent The National Bank of Far Rockaway. Appeal from the order denying the petition on the merits, and from the judgment entered thereon, dismissed, without costs. On the argument it was conceded that the term for which appellant claims Will N. Clurman was elected as a director has ended and that he has been presently elected as such director. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.